■ TOWN OF NEWBURGH, Respondent, v EDWARD J. PEKAR, JR., et al., Appellants. [748 NYS2d 279] —In an action to enjoin

the defendants from using their property as an outdoor storage yard for automobiles in violation of the zoning laws of the Town of Newburgh, the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated December 20, 2000, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

Edward J. Pekar and Esther Pekar (hereinafter the defendants) own real property in the Town of Newburgh, New York (hereinafter Town). For about 50 years, the property was used as their residence and for their towing and automobile storage business. Their use of the property for automobile towing and storage was a preexisting nonconforming use of the property since it was zoned as residential property when the Town's zoning code was enacted.

In 1991, the Town amended its zoning code to add a provision providing that the prior nonconforming use of auto storage was to be discontinued (see Town Code of Town of Newburgh § 185-19 [E] [1] [a]). The provision contained a three-year amortization period. In April 1998, the Town brought suit against the defendants seeking to enjoin them from using the property as an outdoor storage yard for automobiles. The Town moved for summary judgment and the Supreme Court granted the motion.

To be entitled to summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). Where, as here, this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof to establish the existence of a material issue of fact which require a trial (see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra). The defendants failed to submit evidence raising a triable issue of fact.

The parties' remaining contentions are without merit. Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.